NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ONOFRE CATALAN, AKA Jeff Catalan, AKA Onofre Catalan-Garcia, <br><br>               Petitioner, <br><br>   v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>               Respondent. | No. 15-70857 <br><br> Agency No. A041-985-272 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Onofre Catalan, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider

and his fourth motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We deny in part and dismiss in part the petition for review.

Catalan does not make any contentions regarding the BIA's determination that he had not demonstrated any error of law or fact to warrant reconsideration or that his fourth motion to reopen was time- and number-barred and did not fall within any exception to those filing requirements. He thus waives any challenge to those determinations. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We lack jurisdiction to review the BIA's decision declining to reopen Catalan's case sua sponte based on *Morales-Garcia v. Holder*, 576 F.3d 1058 (9th Cir. 2009), and Catalan's contentions that the BIA abused its discretion in doing so do not raise a colorable legal or constitutional challenge to invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**